NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a/ INTEGRATED SPORTS MEDIA, <br><br> Plaintiff, <br><br> v. <br><br> JAVIER PEREZ, Individually, and as officer, director, shareholder, principal, manager and/or member of MANCORA LOUNGE BAR RESTAURANT LLC, d/b/a MANCORA LOUNGE et al., <br><br> Defendants. | Civil Action No. 19-12849 (SRC) <br><br> **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Plaintiff, Innovative Sports Management, Inc., d/b/a Integrated Sports Media ("Plaintiff"), on a motion for default judgment. Defendants, Javier Perez, individually, and as officer, director, shareholder, principal, manager and/or member of Mancora Lounge Bar Restaurant LLC, d/b/a Mancora Lounge, and Mancora Lounge Bar Restaurant LLC, d/b/a Mancora Lounge (collectively, "Defendants"), did not file opposition. For the reasons that follow, the Court will grant Plaintiff's motion for default judgment.

I. **BACKGROUND**

This is a civil action wherein Plaintiff seeks the entry of default judgment against Defendants for copyright infringement and a violation of the Cable Communications Policy Act

1

of 1984. 17 U.S.C. § 501(a); 47 U.S.C. § 605(a). The Complaint alleges the following pertinent facts:

Innovative Sports Management, Inc., is a Limited Liability Company located in New Jersey. Plaintiff owns the copyright of the Clasico del Pacifico: Peru vs. Chile event (the "Broadcast") which aired on October 12, 2018. Under Plaintiff's copyright of the Broadcast, Plaintiff holds exclusive broadcast and commercial distribution rights.

The Broadcast aired on October 12, 2018. Commercial establishments and private residents could lawfully view the Broadcast by paying Plaintiff an appropriate licensing fee. By paying the commercial licensing fee, commercial entities were permitted to publicly exhibit the Broadcast to their patrons. The residential licensing fee was substantially less expensive than the commercial fee and required purchasers to agree that their viewing of the broadcast was for non-commercial, personal use only. For customers that paid the required fees, the Broadcast was accessible via encrypted broadcast signal, closed circuit television, or encrypted satellite signal or broadband.

This case arises from Plaintiff's discovery that Defendants were unlawfully exhibiting the Broadcast at Mancora Lounge, a commercial establishment in Paterson, NJ, on October 12, 2018.

The Complaint alleges that Defendants did not pay the required commercial licensing fee permitting Defendants to exhibit the Broadcast in a commercial establishment. Plaintiffs contend that Defendants obtained the Broadcast through an alternative and unauthorized means. Through these actions, Plaintiff alleges that Defendants willfully violated 47 U.S.C. § 605(a).

Additionally, Plaintiff alleges that Defendants willfully infringed Plaintiff's copyright and exclusive rights under copyright when Defendants illegally intercepted the Broadcast and

exhibited same at Mancora Lounge, a commercial establishment, without paying the appropriate licensing fee to Plaintiff.

Plaintiff moves for the entry of default judgment under Count I, in violation of 47 U.S.C. § 605(a), and Count III, in violation of 17 U.S.C. § 501(a). Defendants were served with the Summons and a copy of the Complaint on June 14, 2019. Defendants failed to answer or otherwise respond to the Complaint. Upon Plaintiff's request, The Clerk of Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) on August 12, 2019.

## II. LEGAL STANDARD

Fed. R. Civ. P. 55(b)(2) authorizes the entry of a default judgment against a party that has defaulted. A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983)). Even so, before entering default judgment, the Court must first determine whether the unchallenged facts constitute a legitimate cause of action. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). Moreover, a party seeking default judgment pursuant to Rule 55(b)(2) must prove damages. Comdyne, 908 F.2d at 1149. It is well-established in the Third Circuit that "the entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

The Court will accordingly proceed to determine whether the unchallenged facts, as set forth in the Complaint's allegations and in the affidavits filed in support of this motion, suffice to establish the causes of action pled by Plaintiff. It will then proceed to address Plaintiff's request for an award of damages and attorneys' fees and costs.

## III. DISCUSSION

The Complaint asserts three federal claims: Count I, unauthorized publication or use of communications, in violation of 47 U.S.C. § 605(a); Count II, unauthorized reception of cable service, in violation of 47 U.S.C. § 553; and Count III, copyright infringement, in violation of 17 U.S.C. § 501(a). However, the subject motion requests the entry of default judgment under Counts I and III only: unauthorized publication or use of communications, in violation of 47 U.S.C. § 605(a), and copyright infringement, in violation of 17 U.S.C. § 501(a).

The facts alleged in the Complaint, now taken as true, show that Plaintiff is the owner of the Broadcast and that the Broadcast originated via satellite uplink and was transmitted to cable systems and satellite companies via satellite signal. Defendants "unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal" and exhibited the Broadcast at Mancora Lounge on October 12, 2018. (Compl. ¶ 22.) Plaintiff alleges that Defendants either ordered the Broadcast for residential use and displayed the Broadcast in its commercial establishment, despite failing to pay the required commercial licensing fee, thereby making such exhibition unauthorized and unlawful, or obtained the Broadcast "by such other means which are unknown to Plaintiffs and known only to Defendants." (Compl. ¶ 23.)

47 U.S.C. § 605(a) is part of the Cable Communications Policy Act of 1984. Section 605(a) states, in relevant part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such

> communication (or any part thereof) knowing that such
> communication was intercepted, shall divulge or publish the
> existence, contents, substance, purport, effect, or meaning of such
> communication (or any part thereof) or use such communication
> (or any information therein contained) for his own benefit or for
> the benefit of another not entitled thereto.

In TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 207 (3d Cir. 2001), the Third Circuit stated that liability under Section 605 applies to "the interception of satellite transmissions 'to the extent reception or interception occurs prior to or not in connection with, distribution of the service over a cable system,' and no more." (quoting H.R.Rep. No. 98-934, at 83, reprinted in 1984 U.S.C.C.A.N. at 4720). The Court of Appeals found that 47 U.S.C. § 553 and 47 U.S.C. § 605 are mutually exclusive provisions, noting that "[o]nce a satellite transmission reaches a cable system's wire distribution phase, it is subject to § 553 and is no longer within the purview of § 605." Id. at 207. In sum, § 553 covers interceptions of programming transmitted through cable wire while § 605 covers interceptions of programming transmitted through air, including those transmitted through satellite signal. To prevail on a claim under § 605, Plaintiff must prove that Defendants "received," "assisted in receiving," or "intercepted" Plaintiff's satellite transmission and used such communication for a benefit that they were not entitled to.

Plaintiff moves for default judgment under § 605(a) only, and therefore must establish that Defendants intercepted the broadcast through an airborne transmission. Because Defendants failed to answer or otherwise respond to the Complaint, the Court will look to and accept as true the facts pled in the Complaint. The Court will use these facts to determine whether the elements of a violation under § 605(a) have been met.

The facts alleged in Plaintiff's complaint and supporting affidavits establish that Defendants received and/or intercepted the Broadcast without proper authorization. The Broadcast originated via satellite uplink and was transmitted to cable systems and satellite

5

companies via satellite signal. Thereafter, Defendants exhibited the Broadcast to patrons at Mancora Lounge, a commercial establishment. By exhibiting the Broadcast within this commercial establishment without paying the required licensing fee, Defendants obtained a benefit that they were not entitled to. Defendants' illicit transmission of the Broadcast through satellite signal places Defendants' conduct under the purview of § 605(a), as opposed to § 553. Based on Defendants' unauthorized acquisition of the Broadcast and subsequent exhibition of same, the Court finds that the uncontested facts presented by Plaintiff adequately establish a claim under 47 U.S.C. § 605(a).

Plaintiff also seeks default judgment as to its claim of copyright infringement, in violation of 17 U.S.C. § 501(a). In its uncontested Complaint, Plaintiff asserts that it is the owner of the copyright of the Broadcast, and that Certification of Registration was filed with the United States Copyright Office on January 14, 2019 under Registration Number PA0002139144. (Compl. ¶ 37.) According to the Complaint, Plaintiff holds exclusive broadcast and commercial distribution rights under its copyright. (Compl. ¶ 38.)

"Federal copyright law creates a cause of action against '[a]nyone who violates any of the exclusive rights of the copyright owner.'" Star Pac. Corp. v. Star Atl. Corp., 574 Fed. Appx. 225, 229 (3d Cir. 2014) (citing 17 U.S.C. § 501(a)). In the matter at bar, the Court accepts the allegations of the Complaint as true and finds that, as copyright holder of the Broadcast, Plaintiff "has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same." (Compl. ¶ 38.) Defendants "never obtained the proper authority or license from Plaintiff . . . to publicly exhibit" the Broadcast, and intercepted and exhibited same in Defendants' commercial establishment, namely Mancora Lounge. (Compl. ¶¶ 39-40.) Based on this conduct, the Court finds that Defendants infringed

upon Plaintiffs exclusive broadcast and commercial distribution rights under its copyright, in violation of 17 U.S.C. § 501(a).

## IV. DAMAGES

Plaintiff seeks an award of statutory damages, enhanced damages and attorneys' fees and costs amounting to $77,634.01 against each defendant.

47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages "as the court considers just." Section 605 allows for a statutory award "in a sum of not less than $1,000 or more than $10,000" and allows for enhanced damages for willful violations. 47 U.S.C. § 605(e)(3)(C)(i)(II). Under 17 U.S.C. § 504(c)(1), courts may award statutory damages "in a sum of not less than $750 or more than $30,000" upon a finding of copyright infringement. In its discretion, the court may increase the statutory damages to no more than $150,000 if it finds that the copyright infringement was committed willfully. 17 U.S.C. § 504(c)(2).

Here, Plaintiff seeks, in total, $75,000 in statutory damages and enhanced damages against each defendant. Specifically, Plaintiff requests that the Court enter judgment against each defendant in the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $15,000 pursuant to 17 U.S.C. § 504(c)(1). Plaintiff also seeks $20,000 for Defendants' willful violation of 47 U.S.C. 605(a) and $30,000 for Defendants' willful violation of 17 U.S.C. § 501. See 47 U.S.C. § 605(e)(3)(C)(ii); 17 U.S.C. § 504(c)(2).

Courts have wide discretion in determining appropriate statutory damage awards. See Broadcast Music, Inc. v. Crocodile Rock Corp., 634 Fed. Appx. 884, 885 (3d Cir. 2015). When assessing statutory damages in piracy cases similar to the matter at bar, courts consider actual damages suffered by plaintiffs as well as the need for deterrence. See J & J Sports Prods. v. Edrington, No. 10-3789, 2012 U.S. Dist. LEXIS 20505, at *8 (D.N.J. Feb. 16, 2012) (citing

Comcast Cable Comm. v. Bowers, No. 06-1664, 2007 U.S. Dist. LEXIS 38513, at *12 (D.N.J. May 25, 2007)) ("Courts in this District have awarded statutory damages in excess of actual damages for the purpose of deterrence."). Additionally, District Courts in the Third Circuit evaluate several factors when determining whether to reward enhanced damages under 47 U.S.C. § 605. Specifically, courts have considered whether defendants regularly engage in similar conduct, whether defendants reaped financial benefits from the unlawful exhibition of the subject broadcast, whether the plaintiff suffered substantial actual damages, whether the defendants advertised the exhibition of the broadcast, and whether the defendants charged a cover fee or premiums on food and drink during the broadcast of the event. See Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 U.S. Dist. LEXIS 34567, at *27-28 (D.N.J. Mar. 13, 2013) (citing Kingvision Pay-Per-View Ltd. v. Rodriguez, No. 02-7972, 2003 U.S. Dist. LEXIS 2674, at *2 (S.D.N.Y. Feb. 25, 2003)).

Here, the Court has found that Plaintiff is entitled to statutory damages as Plaintiff has established that Defendants violated 47 U.S.C. § 605(a) and 17 U.S.C. § 501. Defendants exhibited the Broadcast at Mancora Lounge on October 12, 2018. The Court finds that Plaintiffs are entitled to an award of statutory damages only in the amount of $6,500 and finds that an award for enhanced damages is unwarranted. Such an award adequately compensates Plaintiff for the actual damages incurred and will serve to deter potential offenders. Accordingly, the Court will award judgments against Defendants, jointly, in the amount of $3,250, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and in the amount of $3,250, pursuant to 17 U.S.C. § 504(c)(1), for a total award of $6,500 in statutory damages.

47 U.S.C. § 605(e)(3)(B)(iii) and 17 U.S.C. § 505 both allow for the recovery of attorneys' fees and costs. In total, Plaintiff seeks $2,634.01 against each Defendant for attorneys'

fees and costs. Counsel submitted an affidavit documenting the basis for this sum, including a detailed history of the hours billed by members of the Lonstein Law Office, as well as other costs incurred while preparing and investigating this action.

Having found Defendants in violation of both 47 U.S.C. § 605(a) and 17 U.S.C. § 501(a), the Court will award reasonable attorneys' fees and costs to Plaintiff. Based on the Court's review of counsel's affidavit, the court will enter judgment against Defendants, jointly, for a total award of $2,634.01 for the recovery of attorneys' fees and costs.

V. **CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's motion for default judgment. An appropriate Order will be filed.

s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: November 20, 2019